IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. MYLES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:16-CV-3544-G (BT) | |
| § | | |
| STATE FARM INS. And § | | |
| JERRY LARROQUETTE, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

On December 26, 2016, Plaintiff filed this complaint, and on February 14, 2017, he paid the filing fee. Because he paid the fee, Plaintiff was responsible for serving each Defendant with a summons and a copy of the complaint in this case as provided by Fed. R. Civ. P. 4(c). On March 2, 2017, the Court directed the Clerk's Office to send Plaintiff summons forms and a copy of Fed. R. Civ. P. 4, and ordered Plaintiff to serve Defendants within 90 days. On August 2, 2017, the Court entered Findings, Conclusions, and a Recommendation that this case be dismissed because Plaintiff failed to serve Defendants. On August 9, 2017, Plaintiff filed objections. On August 24, 2017, the Court vacated its Findings,

Conclusions, and Recommendation and granted Plaintiff an additional 60 days to serve Defendants. On January 8, 2018, and on February 12, 2018, Plaintiff filed notices that he attempted to serve Defendants by mail, but he has failed to show that he properly served Defendants.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). In this case, Plaintiff's case should be dismissed under Fed. R. Civ. P. 41(b) because he has failed to comply with the federal rules and the Court's Order to serve Defendants.

Plaintiff has not filed proof of completed service or otherwise shown that each Defendant was properly served. The only evidence in the record regarding service is a copy of a single certified mail receipt addressed to both defendants at a P.O. Box in Dallas, Texas.[1] *See* Not. [ECF No. 16]. The certified mail return

---

[1] Plaintiff is not authorized to serve the summons and complaint himself. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis

receipt was apparently returned to Plaintiff, marked "FORWARD TIME EXP. RTN TO SEND." *See id.* Plaintiff also filed two copies of a January 8, 2018, letter addressed to "Post Master General, Beaumont, Texas 77705," in which Plaintiff complains that his certified mail addressed to Defendants was never delivered. *See* Correspondence [ECF Nos. 17, 19]. This correspondence concedes that Plaintiff has not served Defendants.

### III.

Because Plaintiff has failed to comply with the federal rules and the Court's Order to serve Defendants, Plaintiff's complaint should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed April 18, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

added)). *See also* Tex. R. Civ. P. 103 ("[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).